**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE JESUS ORTIZ-FLETES, | No. 14-73372 |
| Petitioner, | Agency No. A092-441-244 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 27, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Jose Jesus Ortiz-Fletes, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his applications for withholding of removal and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Ortiz-Fletes does not challenge in his opening brief the agency's dispositive determination that his 2003 conviction constitutes a presumptive particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, we need not reach this contention. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to make findings on issues that are unnecessary to the results they reach).

Substantial evidence supports the agency's denial of deferral of removal under the CAT on the grounds that Ortiz-Fletes failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. See 8 C.F.R. § 1208.16(c)(2); *Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012) ("Under the substantial evidence standard, a petitioner can obtain reversal only if the evidence compels a contrary conclusion.").

Contrary to Ortiz-Fletes' contentions, the agency considered appropriate evidence, including his work as an informant, and applied the correct legal standard in denying his application for relief under the CAT.

We do not consider the extra-record documents Ortiz-Fletes submitted. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (our review is limited to the administrative record).

We lack jurisdiction to consider Ortiz-Fletes' unexhausted contentions that the agency was required to consider the recommendations of the asylum office or the prosecutor, and that he qualifies for a United States government program for informants or other alternative forms of relief. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**